UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

NAKIA STEELE,

                Plaintiff,                          **MEMORANDUM AND ORDER**
                                                                                     19-CV-2837 (RPK) (SJB)

        -against-

POLICE OFFICER NEIL DONOVAN,

                Defendant.
-------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

       More than seven months ago, Officer Neil Donovan moved to dismiss the complaint in this action. More than six months ago, Nakia Steele missed his deadline to respond. This action has stalled ever since. For the reasons that follow, this action is dismissed without prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

       Plaintiff Nakia Steele, proceeding *pro se*, brought this action on May 19, 2019, alleging various claims under 42 U.S.C. § 1983 and New York law. *See* Compl. ¶¶ 17-31 (Dkt. #1). He named as defendants the City of New York, the Transit Headquarters, the New York Police Department ("NYPD"), NYPD's 106th Precinct, and Police Officer No. 950342. *See id.* ¶ 1.

       On October 29, 2019, Judge Kiyo A. Matsumoto, to whom this case was originally assigned, *sua sponte* dismissed all claims against the City of New York, the Transit Headquarters, the NYPD, and the NYPD's 106th Precinct. *See* Mem. & Order at 11 (Dkt. #8). Judge Matsumoto declined to dismiss the false arrest and malicious prosecution claims against Police Officer No. 950342 under 42 U.S.C. § 1983. *See id.* at 9. Judge Matsumoto also declined to address the merits of plaintiff's state claims under New York law. *See id.* at 11. Officer No. 950342 was later identified as Officer Neil Donovan. *See* Nov. 27, 2019 Letter (Dkt. #11).

1

On June 30, 2020, Officer Donovan moved to dismiss the complaint, or in the alternative, for summary judgment. *See* Notice of Mot. (June 30, 2020) (Dkt. #24). He argued that the complaint must be dismissed for failure to state a claim. *See* Def.'s Mem. of Law 1-2 (Dkt. #26). The following day, I ordered plaintiff to submit an opposition by August 14, 2020. *See* Dkt. Entry (July 1, 2020).

Plaintiff has missed that deadline and three others, without any explanation. Specifically, after plaintiff missed the initial deadline for responding to defendant's motion to dismiss, I ordered him to file an opposition by September 29, 2020. *See* Dkt. Entry (Sept. 8, 2020). I warned him that "if an opposition is not filed, the case may be dismissed for failure to prosecute, or defendant's motion to dismiss may be granted as unopposed." *Ibid.* After plaintiff missed that deadline, I set a new due date of October 23, 2020, and again warned plaintiff that "if an opposition is not filed, the case may be dismissed for failure to prosecute, or defendant's motion to dismiss may be granted as unopposed." See Dkt. Entry (Oct. 2, 2020). After plaintiff missed this deadline too, Judge Bulsara held a telephonic status conference. The correctional facility to which plaintiff is assigned made him available for the call. During the conference, Judge Bulsara stayed further proceedings pending the resolution of the motion to dismiss, and reminded plaintiff that the deadline for his response to that motion had passed. Judge Bulsara advised plaintiff that "to the extent he wishes to extend the time to respond and to file a late response, he would have to write a letter to the Court seeking such relief." Dkt. Entry (Nov. 2, 2020). Plaintiff failed to do so, but I nevertheless granted a further *sua sponte* extension of his deadline to respond. I directed plaintiff to file a response to the motion to dismiss by December 21, 2020. *See* Dkt. Entry (Dec. 3, 2020). I again warned plaintiff that "if an opposition is not filed, it is highly likely that the case will be dismissed for failure to prosecute, or defendant's motion to dismiss may be granted as unopposed." *Ibid.*

Plaintiff has not filed any opposition to date. Nor has he requested an extension or otherwise communicated with the court concerning the missed deadlines.

Most recently, on January 12, 2021, defendant wrote the court to request that the motion to dismiss be deemed fully briefed or that the case be dismissed for failure to prosecute. *See* Def.'s Mot. to Continue (Jan. 12, 2021) (Dkt. #38).

## LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order." *See Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). Although the text of Rule 41(b) refers to a defendant's "mo[tion] to dismiss the action or any claims against it," it is "unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). To determine whether dismissal is appropriate, a district court must weigh:

(1) whether plaintiff "caused a delay of significant duration";
(2) whether plaintiff was "given notice that further delay would result in dismissal";
(3) whether defendant was "likely to be prejudiced by further delay";
(4) whether dismissal would balance "the need to alleviate court calendar congestion . . . against plaintiff's right to an opportunity for a day in court"; and
(5) whether lesser sanctions would be effective.

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). "No single factor is generally dispositive." *Baptiste*, 768 F.3d at 216.

While dismissal is a "harsh remedy to be utilized only in extreme situations," *Drake*, 375 F.3d at 254, "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts," *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). "When imposed, the

3

sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." *Id.* at 43 (quoting Fed. R. Civ. P. 41(b)).

## DISCUSSION

All five Rule 41(b) factors favor dismissal without prejudice here. First, plaintiff has caused a significant delay. Plaintiff has not made any filings after commencing this action more than a year ago, and the only filing on his behalf is a returned summons. *See* Proof of Service (Dkt. #18). Since then, defendant has moved to dismiss the complaint, and plaintiff repeatedly missed the deadline to respond, thereby halting this action completely for more than six months. A more than six-month delay that prevents a case from moving forward is significant enough to justify dismissal. *See, e.g.*, *Terry v. City of New York*, No. 20-CV-81, 2020 WL 5913409, at *2 (S.D.N.Y. Oct. 6, 2020) (more than six-month delay); *Morgan v. Does Nos. 1-3*, No. 18-CV-2571, 2020 WL 5646133, at *2 (S.D.N.Y. Sept. 22, 2020) (more than six-month delay); *Kent v. Scamardella*, No. 07-CV-844, 2007 WL 3085438, at *2 (S.D.N.Y. Oct. 18, 2007) (three-month delay); *cf. Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008) (finding delay to be significant where "proceedings ground to a halt for over seven months as a result of [plaintiff]'s inaction");

Second, plaintiff was warned on at least three occasions that failure to respond to defendant's motion would likely lead to dismissal. Most recently, on December 3, 2020, I ordered plaintiff to respond to defendant's motion to dismiss by December 21, 2020, and warned that if plaintiff did not, "it is highly likely that the case will be dismissed for failure to prosecute, or defendant's motion to dismiss may be granted as unopposed." *See* Dkt. Entry (Dec. 2, 2020). That order was mailed to plaintiff at the address that he gave the Court, at the correctional facility where plaintiff still appears to reside. *See* Dep't of Corrections and Community Supervision, Inmate Population Information Search, http://nysdoccslookup.doccs.ny.gov/ (listing plaintiff as an inmate

at the Coxsackie Correctional Facility as of February 17, 2021). There is no indication that plaintiff did not receive this communication. If for some reason plaintiff did not receive my orders, responsibility for that miscommunication lies with him. *See, e.g., Terry*, 2020 WL 5913409, at *2 (explaining that "it remained [plaintiff's] duty to diligently pursue [this] case and to inform this Court's *Pro Se* Office of any change of address").

Third, any further delay would prejudice defendant. Defendant has written to the Court on three occasions to note plaintiff's failure to meet his response deadline and to request that the Court proceed to adjudicate the motion or dismiss the case for failure to prosecute. See Def.'s Mot. to Continue (Sept. 4, 2020) (Dkt. #29); Def.'s Mot. to Continue (Nov. 20, 2020) (Dkt. #37); Def.'s Mot. to Continue (Jan. 12, 2021) (Dkt. #38). Moreover, prejudice is presumed where, as here, plaintiff has caused an "unreasonable delay." *Lesane*, 239 F.3d at 210 (quoting *Lyell Theatre Corp.*, 682 F.2d at 43); *see Terry*, 2020 WL 5913409, at *2.

Fourth, dismissal without prejudice properly balances the need to alleviate court calendar congestion against plaintiff's right to an opportunity for a day in court. That disposition serves the "need to clear [the] calendar without unduly penalizing a *pro se* litigant for failing to comply with" a court order. *Thrall v. Cent. New York Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010); *see Reynel v. Barnhart*, No. 01-CV-6482, 2002 WL 2022429, at *1 (S.D.N.Y. Sept. 3, 2002) (dismissing for failure to prosecute without prejudice "[g]iven the plaintiff's pro se status").

Finally, it appears that any sanction less than dismissal without prejudice would be ineffective. Plaintiff has utterly failed to respond to court orders over a lengthy period, and because plaintiff is a state prisoner proceeding *in forma pauperis*, monetary sanctions are unlikely to be effective. *See Ruzsa*, 520 F.3d at 178 (affirming dismissal where plaintiff had "fail[ed] to

5

respond to the notice threatening dismissal" because "it is equally unclear that a 'lesser sanction' would have proved effective").

## CONCLUSION

Plaintiff's claims against defendant Officer Neil Donovan are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court is respectfully directed to terminate defendant's motion to dismiss. *See* Dkt. #24. It is also directed to terminate defendant's motions requesting that the Court treat defendant's motion as fully briefed or grant defendant's motion to dismiss as unopposed. *See* Dkts. #29, #37, and #38. The Clerk of Court is directed to close this case.

SO ORDERED.

                                                                                                                   */s/ Rachel Kovner*
                                                                                                                  RACHEL P. KOVNER
                                                                                                                  United States District Judge

Dated:        February 17, 2021
                Brooklyn, New York